UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23052-CIV-MORENO/LOUIS

DONALD RAFAEL SANDIGO AGUINAGA,
and all others similarly situated,

    Plaintiff,

v.

E.T. ZACAPA GROUP CORP., CANCHE
CARPENTRY, INC., and CESAR TURCIOS,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    THIS CAUSE is before the Court on Plaintiff's Motion for Fees and Costs (ECF No. 25). This matter was referred to the undersigned by United States District Court Judge Federico A. Moreno for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF No. 26). No response or opposition has been filed by any Defendant, nor did any Defendant, or even counsel of record, appear at the hearing that was conducted on January 14, 2019.

    Despite Defendants' failure to oppose the motion, it is due to be denied. Close review of the entire record reveals that Plaintiff's request for an award of post-judgment fees on collection was previously denied, and Plaintiff's present motion, which makes no mention of the previously-denied request, provides no basis for the Court to reverse its decision on reconsideration.

**I.    BACKGROUND**

    Plaintiff initiated this suit for damages under the Fair Labor Standard Act (FLSA) in August 2017, alleging that he had worked 290 overtime hours without time-and-a-half

compensation from Defendants. Plaintiff demanded approximately $5,000, including liquidated damages, plus an award of attorneys' fees. None of the three Defendants answered, and the Court ordered entry of Clerks' Entry of Default, which was entered just over one month after Plaintiff first filed his complaint (ECF No. 10).

Plaintiff promptly moved for entry of default judgment. Plaintiff's Motion for Final Default sought judgment in favor of Plaintiff in the amount of $5,220.00 in damages (ECF No. 11). The Motion additionally sought an award of attorneys' fees and costs, specifying that Plaintiff sought counsels' fees already incurred <u>and</u> those anticipated in the efforts to collect the judgment from Defendants. Plaintiff advanced a memorandum of law in support of his demand for future fees on collections (*Id*. at 2). Though Plaintiff's Motion left blank a space apparently intended to state the amount of fees sought, Plaintiff attached an invoice in support of $4,317.00 in attorneys' fees and costs incurred, and similarly specified that sum in Plaintiff's proposed order filed with the Motion. Plaintiff's proposed order also advanced the following language it requested to be included in the Court's order: "Further Plaintiff's counsel shall be entitled to collect reasonable attorneys' fees in collection of the default judgment to be determined by this Court upon collection" (ECF No. 11-3).

The Court granted the Motion in part and denied it in part. The Default Final Judgment (ECF No. 12) awarded Plaintiff the full amount of his damages sought ($5,220.00) and the full amount of fees and costs supported by the invoice attached to Plaintiff's Motion ($4,317.00). The Judgment did not, however, include Plaintiff's requested right to collect fees for collection efforts.

Plaintiff then moved to amend the Order on his Motion for Default Judgment (ECF No. 13), asking the Court to change the case caption as it appeared on the Order, so that it would be clear that it applied only to the named Plaintiff. Plaintiff did not, however, complain that the Order

mistakenly or otherwise failed to include his reservation of right to seek additional future fees. The Order was not amended.

In an effort to collect on the judgment, Plaintiff filed a Motion for Issuance of Writ of Garnishment After Judgment as to JP Morgan Chase Bank, N.A., pursuant to Florida Statute § 77.03 (ECF No. 14). Defendant E.T. Zacapa Corp. appeared for the first and only time by filing a Motion to Dissolve Writ of Garnishment, Quash Service of Process, and Set Aside Default and Default Judgment (ECF No. 19). The Court denied Defendant's Motion (ECF No. 23), noting that it was supported by a sworn affidavit that was "irreconcilable" with an affidavit filed in a related case, on behalf of the same party, by the same attorney (Jerome Ramsaran), and advancing directly contradictory statements regarding the authority of the respective signatories to be served on behalf of the corporate defendant.

The Court subsequently granted Plaintiff's motion for the disbursement of funds garnished (ECF No. 32), and the final judgment was satisfied in full.[1] Plaintiff now seeks an additional award for fees and costs incurred in counsel's collection efforts. Plaintiff's Motion for post-judgment fees initially sought $8,072.50 when it was filed in July 2018 (though the motion notes that an award of only $8,000 would be acceptable). The certificate of conferral indicated counsel Jermone Ramsaran confirmed "that we are unopposed at this time," despite the further representation that he had not actually communicated with his client about the motion (ECF No. 25 at 6). Plaintiff's counsel subsequently supplemented their submission with an additional demand for $2,332.88 in fees and costs incurred since the Motion was filed.

Upon review of Plaintiff's Motion for post-judgment feesand noting the absence of filed opposition even from the represented Defendant, the undersigned scheduled a hearing on January

---

[1] Plaintiff's counsel confirmed at the hearing that Plaintiff has received his judgment amount.

14, 2019. To ensure notice to the Defendants without counsel, the undersigned required service to be effectuated by Plaintiff's counsel, and specified deadlines for the filing of any response to the motion. As noted above, no Defendant responded in opposition, nor appeared at the hearing.[2]

## II.     ANALYSIS

In his present Motion, Plaintiff again urges this Court to award his counsels' fees incurred in the efforts to collect from Defendants post-judgment. In support, Plaintiff relies on *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 WL 36550, at *5 (S.D. Fla. Jan. 6, 2009), wherein the Court awarded attorney's fees for collecting a final judgement. The court there granted the plaintiff's motion for judgment on writ of garnishment, causing the disbursement of $24,000.00 to plaintiff, and an award of $2,400.00 in fees, to be paid from the amount garnished. *Id.* at *7. Following *DiFrancesco*, the recoverability of fees for collection remains unsettled. *Compare Cruz v. Paver Designs of Miami Dade Inc.*, No. 14-22938-CIV, 2014 WL 12539726, at *2 (S.D. Fla. Sept. 22, 2014) ("The Court finds collection of such fees appropriate in FLSA cases.") *with Cimeus v. Vestige Sec. Inc.*, No. 17-80679-CV, 2017 WL 9288587, at *4 (S.D. Fla. Sept. 28, 2017) (declining to award requested "future fees regarding collection of the default judgment").

Whether the FLSA authorizes an award of post-judgment fees in another matter, it has already been denied in this case. In its Order on Plaintiff's Motion for Final Default Judgment, the Court expressly denied Plaintiff's motion, <u>in part</u>: the Court granted all relief sought in the motion up to and not including his demand for attorneys' fees incurred in post-judgment collection. Plaintiff's present motion advances no grounds for the Court's reversal of that Order and award of fees incurred since entry of the Order.

---

[2] On the morning of the hearing, at the request of the Court, Plaintiff's counsel contacted counsel Ramsaran's office, and was told that he had not received notice of the hearing, representing that his email address had changed. Counsel has not updated his appearance on the docket to reflect this new email address for service, nor has he moved to withdraw.

Even if the Court were to reconsider its denial, the records advanced in support of the present motion would not satisfy Plaintiff's burden to demonstrate that the fees sought are reasonable. The burden of establishing that the fee request is reasonable rests with the fee applicant, who must "submit evidence regarding the number of hours expended and the hourly rate claimed." *U.S. ex rel. Educ. Career Dev., Inc. v. Cent. Fla. Reg'l Workforce Dev. Bd., Inc.*, No. 6:04CV93ORL19DABC, 2007 WL 1601747, at *3 (M.D. Fla. June 1, 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also* S.D. Fla. L.R.7.3(a). A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

Redundant hours "generally occur where more than one attorney represents a client." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301-1302 (11th Cir. 1988). While there is nothing inherently wrong with staffing a case with multiple attorneys, a fee applicant may only recover for the hours of multiple attorneys if the attorneys "are not unreasonably doing the same work, and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302; *ACLU of Ga.*, 168 F.3d at 432. A fee applicant has the burden to show "that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." *Id.*

According to the invoice provided, five different lawyers contributed to the post-judgment collection, though their entries fail to provide indicators of distinct contribution. For example, two attorneys incurred time related to providing notice of the answer to the writ on the same date, giving similar description of their respective time. One lawyer drafted a notice of supplemental authority, and his supervisor billed almost identical time for "follow[ing] up with" the associate

5

on the filing (ECF No. 25-1). Counsel's invoice also reflects another redundancy: there are multiple entries for time incurred apparently for the benefit of a related ("sister") case, or alternatively, appear to describe application of work performed for the benefit of that case to this matter. The lack of clarity in counsel's records defeats the Court's ability to determine that the time was reasonably incurred *in this case*.

The present motion seeks a substantial award for post-judgment fees and costs, despite the minimal defense advanced in this case, and critically, notwithstanding the Court's express denial of such an award the first time Plaintiff applied for it. The Motion fails to acknowledge the previous denial; offers no grounds for reconsideration; and fails to meet the burdens attendant to such a motion, among those, the obligation to exercise billing judgment. The undersigned accordingly recommends that the Motion be DENIED.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the Parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the Parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

RESPECTFULLY SUBMITTED this 18th day of February, 2019.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE